```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff**,<br><br>              v.<br><br>JUAN CARLOS SANTIAGO-RODRIGUEZ,<br><br>    **Defendant**. | **Criminal No**. 15-421 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On June 24, 2015, a federal grand jury charged Juan Carlos Santiago-Rodriguez ("Santiago") with possession of a firearm by a convicted felon, possession with intent to distribute controlled substances, and possession of a firearm in furtherance of a drug trafficking crime. (Docket No. 1.)  Before the Court is defendant Santiago's motion to suppress a firearm, drugs, and statements he made after his arrest. (Docket No. 19.)  The United States opposed the motion, (Docket Nos. 22, 28), defendant Santiago replied, (Docket No. 38), and the Court referred the matter to Magistrate Judge Marcos E. Lopez, (Docket Nos. 31-32).

The magistrate judge held a two-day hearing, during which the United States and defendant Santiago presented evidence and arguments. (Docket No. 49-50.)  The magistrate judge then issued a Report and Recommendation ("R & R"), recommending that the Court grant the motion to suppress. (Docket No. 59.)  The United States objected to the R & R. (Docket No. 61.)

For the reasons discussed below, the Court **ADOPTS** the magistrate judge's R & R, (Docket No. 59), and **GRANTS** defendant Santiago's motion to suppress, (Docket No. 19).

## I. STANDARD OF REVIEW

A district court may refer a motion to suppress evidence in a criminal case to a magistrate judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Loc. R. 72(a)(6). Any party may file written objections to the report and recommendation, and a party that files a timely objection is entitled to a *de novo* determination of those portions of the report to which specific objection is made. 28 U.S.C. § 636(b)(1); Loc. R. 72(d). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); accord Loc. R. 72(d).

## II. FACTUAL BACKGROUND

On June 10, 2015, a Puerto Rico commonwealth court issued an arrest warrant for Joel Hernandez Rosado ("Hernandez") on allegations of domestic violence. The warrant contained two addresses: Reparto Universidad Street 4 L-37 ("Street 4") and El Recreo Residential Project, Building 29, Apartment 191 ("Apartment 191"). Street 4 was listed as Hernandez's address in a Puerto Rico Police Department ("PRPD") mugshot profile that officers had with them when they attempted to execute the arrest warrant. Both

Street 4 and Apartment 191 were indicated by the domestic violence victim as places Hernandez could be found.

On June 16, 2015, PRPD officer Vidal Vazquez Acevedo ("Vazquez") and a team of PRPD officers attempted to execute the arrest warrant. They first went to Street 4 and saw that the dwelling was lived-in, but no one was home. They then went to Apartment 191. Lizzette Rodriguez Ayala ("Rodriguez") answered the door. She said that Hernandez did not live there and that she lived alone in the apartment with her son, Santiago.

It is here that the accounts from officer Vazquez and Rodriguez begin to diverge. According to officer Vazquez, he asked Rodriguez if he could check the apartment to see if Hernandez was inside, and she agreed and signed a consent to search form before the officers entered the apartment. According to Rodriguez, she did not give the officer permission to search her apartment and instead requested a search warrant, but despite this, the officer stated that she had given him permission and then entered her apartment. Rodriguez testified that she signed the consent to search form later in the day when she was at the police station.

The officers did not find Hernandez inside Apartment 191, but they did find a firearm and drugs in defendant Santiago's bedroom.

### III. DISCUSSION

Defendant Santiago moves to suppress the firearm and drugs discovered in his bedroom and statements he made after his arrest. (Docket No. 19.) He claims that the officers violated his Fourth

Criminal No. 15-421 (FAB)                                                4
_____

Amendment rights by entering Apartment 191 without a search warrant, consent, or exigent circumstances, and that the firearm, drugs, and his statements were fruit of that Fourth Amendment violation.

The magistrate judge recommended granting Santiago's motion to suppress. (Docket No. 59.)  The United States raises two specific objections to the magistrate judge's R & R, (Docket No. 61), and the Court addresses each in turn.

**A.   Arrest Warrant as Basis for Entry**

The United States first objects to the magistrate judge's legal conclusion that the arrest warrant for Hernandez did not give the officers authority to enter Apartment 191.  (Docket No. 61 at pp. 6-9.)  Pursuant to Payton v. New York, 445 U.S. 573, 603 (1970), police officers may enter a dwelling to attempt to execute an arrest warrant if the officers reasonably believe, prior to entry, that the suspect named in the arrest warrant resides at the dwelling and is inside the dwelling at the time of entry.  United States v. Werra, 638 F.3d 326, 336-37 (1st Cir. 2011); United States v. Graham, 553 F.3d 6, 12 (1st Cir. 2009).  To determine whether officers had a reasonable belief that the suspect resided at the dwelling, courts "examine the basis for that belief." Graham, 553 F.3d at 13 (citing United States v. Bervaldi, 226 F.3d 1256, 1263 (11th Cir. 2000) (examining "the facts and circumstances within the knowledge of law enforcement agents . . . viewed in the totality")).

Criminal No. 15-421 (FAB)                                                5

     Here, after conducting a thorough analysis with relevant legal authority, the magistrate judge concluded that there was no basis for the officers to reasonably believe that Hernandez resided at Apartment 191.  (Docket No. 59 at pp. 5-11.)  The United States argues that the officers were entitled to rely in good faith on the arrest warrant, which listed Apartment 191 as one of two addresses, to conclude that Apartment 191 was Hernandez's residence.  (Docket No. 61 at pp. 6-9.)  There is no evidence in the record that suggests, however, that the addresses listed in the arrest warrant were Hernandez's residences.  To the contrary, Officer Vazquez testified that the "person who told [him] that [Hernandez] could be found at [Street 4] or he could be found at [Apartment 191] was Lieutenant Zoraida Matias from the Domestic Violence Division[,] who received in turn the information herself from the victim."  (Docket No. 63 at p. 52.)  Thus, Apartment 191 was known to the officers as a location where Hernandez "could be found."

     Grasping at straws, the United States argues that "a place where Hernandez 'could be found' is reasonably understood as a statement that [it is] his residence[] because most people cannot regularly be found in a home where they don't live."  (Docket No. 61 at p. 6.)  This argument fails because even if its logic were true (that a home in which someone can regularly be found is likely her residence), there is no evidence that the officers had a basis for believing that Hernandez could *regularly* be found at Apartment 191.  The only evidence was a victim's statement that he "could be

found" at Apartment 191 and at another location. Knowledge that a suspect "could be found" at a particular dwelling, without more, is not enough to provide a reasonable belief that the suspect resides at the dwelling. And here, there was nothing more. Officer Vazquez testified that he had no other basis for believing that Hernandez resided at Apartment 191 other than the victim's statement that Hernandez could be found at Apartment 191. (Docket No. 63 at p. 62.) Furthermore, no testimony made clear that officer Vazquez or any other officer even subjectively believed that Apartment 191 was Hernandez's residence.

The Court overrules the United States' first objection and **ADOPTS** the magistrate judge's legal reasoning and conclusion that the arrest warrant did not give the officers authority to enter Apartment 191.

**B.   Consent to Search as Basis for Entry**

The United States next objects to the magistrate judge's factual conclusion that Rodriguez did not give the officers oral or written consent to search Apartment 191 prior to their entry into the apartment. (Docket No. 61 at pp. 9-11.) To justify the warrantless search of Apartment 191 on consent grounds, the United States carried the burden of showing by a preponderance of the evidence that Rodriguez consented voluntarily. See United States v. Diaz, 494 F.3d 221, 225 (1st Cir. 2007).

Here, the magistrate judge credited Rodriguez's testimony that she did not consent over officer Vazquez's testimony that Rodriguez

Criminal No. 15-421 (FAB)                                                  7

did consent.  (Docket No. 59 at pp. 12-15.)  The United States urges the Court to "revisit the magistrate judge's credibility assessment" because "there are not strong reasons based on the record for discrediting [officer Vazquez's] testimony."  (Docket No. 61 at p. 11.)

   The Court finds that the magistrate judge adequately explained his reasons for crediting Rodriguez's testimony regarding consent over officer Vazquez's testimony regarding consent.  In particular, the magistrate judge explained how the time listed on the consent to search form that Rodriguez signed corroborated Rodriguez's testimony that she signed the form at the police station and not, as officer Vazquez testified, at her apartment before the officers searched it.  Because the magistrate judge discredited officer Vazquez's testimony regarding Rodriguez's written consent, he found no reason to credit his testimony regarding Rodriguez's oral consent.

   The only evidence the United States presented to carry its burden was officer Vazquez's testimony, which the magistrate judge discredited, and the consent to search form signed by Rodriguez, which listed a time later than the time police entered Apartment 191.  The magistrate judge's credibility determination is well-supported, and the Court finds no reason to revisit that determination through a *de novo* hearing.  See United States v. Raddatz, 447 U.S. 667, 680-81 (1980) (holding that a district court may accept the credibility determinations of a magistrate judge

without hearing the live testimony of the witnesses); United States v. Cadieux, 295 F. Supp. 2d 133, 135 (D. Me. 2004) ("[T]o require the district court to conduct a second evidentiary hearing whenever either party objects to the magistrate judge's credibility finding would frustrate the plain objective of Congress to alleviate the increasing congestion in district courts.")

The Court overrules the United States' second objection and **ADOPTS** the magistrate judge's factual conclusion that the PRPD officers did not have consent before entering and searching Apartment 191.

### IV.  CONCLUSION

The Court has independently reviewed the entire record of this case, including the transcript of the two-day hearing, the evidence admitted at the hearing, and the United States' objections, as well as the applicable legal authority.  The Court **ADOPTS IN FULL** the magistrate judge's R & R, (Docket No. 59), and **GRANTS** defendant Santiago's motion to suppress, (Docket No. 19).

The motion to suppress having been granted, the Court **ORDERS** the United States to state its position as to this case no later than June 3, 2016.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 1, 2016.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
